O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  | Case No. CV 12-5874 CAS |
|---|---|
|  | CR 10-851 CAS |

UNITED STATES OF AMERICA

                Plaintiff/Respondent,

vs.

CLAUDE BOOD

                Defendant/Petitioner.

_____

**ORDER DENYING PETITIONER'S REQUEST FOR A HABEAS PETITION (Docket # 346, filed on July 9, 2012)**

## I.     INTRODUCTION AND BACKGROUND

On July 13, 2011, petitioner Claude Bood pled guilty to conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 846. United States v. Claude Bood, CR No. 10-851 CAS, Dkt. No. 225.  In his plea agreement, petitioner admitted that he conspired to knowingly and intentionally distribute at least 100 kilograms of a mixture or substance containing a detectable amount of marijuana.  Plea Agreement, Dkt. No. 223, ¶¶ 5, 12.  Petitioner managed a drug stash house, packed and stored marijuana, sold marijuana to customers, and collected proceeds from the sale of marijuana.  Id. ¶ 12.

/ / /

In his plea agreement, petitioner and the government stipulated that his base offense level based on the drug amount was 26. Id. ¶ 14. Petitioner and the government reserved the right to argue that additional specific offense characteristics, adjustments, and departures under the sentencing guidelines were appropriate. Id. Petitioner also reserved the right to argue for a sentence outside the range provided for by the sentencing guidelines. Id. ¶ 16.

Furthermore, pursuant to his plea agreement, petitioner gave up his right to appeal his conviction except for an appeal based on a claim that his guilty plea was involuntary. Id. ¶ 18. Petitioner also gave up his right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the term of imprisonment did not exceed 120 months. Id. ¶ 19. Moreover, petitioner's plea agreement barred him from bringing a collateral attack on his sentence or conviction based on any claim other than ineffective assistance of counsel. Id. The plea agreement also provides that petitioner may not seek to withdraw his guilty plea on any basis other than a claim that his entry into it was involuntary.

On September 19, 2011, the United States Probation Office issued petitioner's Presentence Investigation Report ("PSR"), which calculated a guideline range of 100 to 125 months based on a total adjusted offense level of 25 and a criminal history category of V. PSR, Dkt. No. 257 at 3 (base offense level 26, a two-level enhancement for the firearm possessed by petitioner's house mate and co-conspirator, and a three-level downward departure for acceptance of responsibility). The probation officer found that the co-conspirator's possession of the loaded handgun was "a reasonably foreseeable act of a co-conspirator in furtherance of the jointly undertaken criminal activity." Id. at 37.

The PSR also set forth the roles of the co-conspirators. Three of the co-conspirators were grow house operators, and one distributed between 40 to 50 kilograms of marijuana. The PSR also listed the sentences imposed on the four co-conspirators. One of the co-conspirators received a sentence of 36 months while the other three

received 60 months.  Id. at 5.  However, the PSR distinguished petitioner from his co-conspirators and stated that petitioner "played an essential role in the functioning of the stash house and in the distribution of over 100 kilograms of marijuana with which he was directly involved."  Id. ¶ 43.

On November 16, 2011, the Court sentenced petitioner to 90 months of imprisonment and ordered him to pay a special assessment of $100.  Upon release from imprisonment, petitioner is to be placed on supervised release for four years.  The Court agreed with the PSR's total offense level calculation and criminal history category for petitioner.

On July 9, 2012, petitioner filed a motion for relief from his sentence pursuant to 28 U.S.C. § 2255.  His petition sets out two grounds for granting this relief: (1) ineffective assistance of counsel, and (2) violation of due process.  Mot. at ¶ 12, Dkt. No. 346.  On October 1, 2012, the government filed its opposition.  Petitioner failed to file a reply.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Sanders v. United States, 373 U.S. 1, 2 (1963).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under section 2255.  To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors,

the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984). The petitioner carries the burden of establishing both prongs. <u>Id</u>. at 697; <u>United States v. Quintero-Barraza</u>, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. <u>Strickland</u>, 466 U.S. at 689. The petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Id.</u>

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. <u>Id.</u>

A court need not necessarily determine whether the petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." <u>Id.</u> at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's section 2255 motion without hearing. <u>Hill v. Lockhart</u>, 474 U.S. 52, 60 (1985).

**III.    DISCUSSION**

   **A.    Ineffective Assistance of Counsel**

Petitioner argues that Peter Swarth ("petitioner's counsel"), who represented him at sentencing, rendered ineffective assistance by: (1) failing to object to the two-level enhancement for firearm possession recommended in petitioner's PSR, (2) failing to file

1  any disparity motions even though petitioner's co-conspirators received a lesser sentence

2  than petitioner, and (3) allowing petitioner to plead guilty to 100 kilograms of marijuana

3  when petitioner was only responsible for 839 grams.  In response, the government

4  contends that petitioner showed neither error nor prejudice by reason of petitioner's

5  counsel's actions.

6         The Court finds that all three of petitioner's arguments fail.  The Court first

7  considers petitioner's argument that his counsel was deficient by failing to object to the

8  firearm enhancement.  In order for petitioner's claim of error to prevail, the error must

9  be "so serious that counsel was not functioning as the 'counsel' guaranteed the

10 defendant by the Sixth Amendment."  Strickland, 466 U.S. 668 at 687–88.  Additionally,

11 the Ninth Circuit has concluded that "[t]actical decisions that are not objectively

12 unreasonable do not constitute ineffective assistance of counsel."  Hensley v. Crist, 67

13 F.3d 181, 185 (9th Cir. 1995).  Here, petitioner's counsel devoted an entire page of his

14 written sentencing position to object to the firearm enhancement.  Defendant's Position

15 re Sentencing at 3, Dkt. No. 277.  Petitioner's counsel argued that petitioner never

16 possessed nor controlled the firearm, and that his co-conspirator's conduct in possessing

17 the firearm was not reasonably foreseeable.  Moreover, petitioner's counsel raised these

18 objections at the sentencing hearing.  RT 11/16/11 at 7:1-21.  Therefore, the Court finds

19 that petitioner's counsel was actively advocating on behalf of petitioner to dismiss the

20 firearm enhancement, and accordingly rejects the contention that petitioner's counsel

21 failed to object to the firearm enhancement.

22        The Court next considers petitioner's argument that his counsel's assistance was

23 ineffective because he failed to file disparity motions based on 18 U.S.C. § 3553(a)(6),

24 which states that "unwarranted sentence disparities among defendants with similar

25 records who have been found guilty of similar conduct" must be avoided.  To succeed on

26 this argument, petitioner must show that a disparity motion would have been granted and

27 changed the outcome of his sentencing.  See Wilson v. Henry, 185 F.3d 986, 991 (9th

28

Cir. 1999); <u>Shah v. United States</u>, 878 F.2d 1156, 1162 (9th Cir. 1989).  Here, however, the facts suggest that a motion based on 18 U.S.C. § 3553(a)(6) would have failed.  The Court had information about petitioner's co-conspirators from the PSR, and explicitly stated that petitioner should have a greater sentence than that of his co-conspirators.  RT 11/16/2011 at 11:4–7.  Petitioner's co-conspirators had pled guilty to different counts in the indictment, had different roles in the drug conspiracy, and had very different criminal histories.  PSR at 9, 12–15.  Accordingly, petitioner's argument fails because he would not have received a lower sentence if petitioner's counsel had filed disparity motions based on 18 U.S.C. § 3553(a)(6).

The Court last considers petitioner's argument that his counsel was ineffective because he allowed petitioner to plead guilty to 100 kilograms of marijuana when petitioner claims that he was responsible for only 839 grams of marijuana.  Petitioner argues he was only responsible for 839 grams of marijuana because count two of the indictment only charges petitioner for being responsible for personally distributing 839 grams of marijuana.  Petitioner also claims that certain "phone call(s)" further evidence his lessened responsibility.

Petitioner's argument fails because, as the government points out, petitioner pled guilty to Count One of the Indictment, which charges him for conspiring to distribute over 100 kilograms of marijuana, not personally distributing this amount.  Furthermore, it is not clear what"phone call(s)" allegedly demonstrate petitioner's diminished responsibility, nor is it clear how they could prove that petitioner is not responsible for conspiring to distribute 100 kilograms of marijuana.  Accordingly, petitioner has not set out a factual basis for his argument that he was somehow only responsible for the distribution of 839 grams of marijuana.  Additionally, even putting aside these problems, petitioner's argument fails because in the context of a plea agreement, a petitioner can only satisfy the prejudice prong by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).  Here, petitioner has not explained what error his counsel made that caused him to sign the plea agreement.[1] Petitioner is disputing the merits of the case rather than the reason he pled guilty to 100 kilograms of marijuana.  Therefore, because petitioner has failed to show prejudice, petitioner's argument fails.

### B.   Due Process Violation

Petitioner next argues that the Court violated his due process rights by (1) imposing the two-level firearm enhancement, and (2) using 100 kilograms of marijuana as the operative amount, when he was allegedly only responsible for 839 grams. However, petitioner waived his right to collaterally attack his sentence based on any claim other than ineffective assistance of counsel pursuant to his plea agreement.  The Court of Appeals for the Ninth Circuit has held that if a waiver in a negotiated plea agreement "is made voluntarily and knowingly, then it is enforceable and does not violate due process or public policy."  <u>United States v. Navarro-Botello</u>, 912 F.2d 318, 321.  Here, petitioner does not contest that he voluntarily and knowingly entered into the plea agreement.  Accordingly, petitioner's waiver bars him from raising his Due Process claims.

---

[1] Petitioner repeatedly states that petitioner's counsel violated his due process rights by failing to comply with "Rule 11," which the Court interprets as a reference to Federal Rule of Criminal Procedure 11.  Accordingly, the Court construes petitioner's argument to rest on the contention that his counsel allowed him to enter a guilty plea despite the lack of a factual basis for the plea. Fed. R. Crim. Proc. 11(b)(3). As explained above, petitioner does not provide a reason to question whether there is a factual basis for his guilty plea, nor does he explain what errors his counsel made in failing to determine whether there was a factual basis for the plea.  Additionally, this argument is not well taken because when petitioner pled guilty, he admitted to conspiring to distribute over 100 kilograms.  RT 7/13/2011 at 20:7–19.

1 | **V.    CONCLUSION**

2        In accordance with the foregoing, the Court DENIES petitioner's motion to

3   vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

4        IT IS SO ORDERED.

5   Dated: January 16, 2013

6

7                                        CHRISTINA A.  SNYDER
                                         United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28